Case 5:06-cv-00030-WTM-JEG   Document 7   Filed 08/04/06   Page 1 of 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

RANDY MORGAN HUDSON,

    Plaintiff,

v.

MELBA H. FIVEASH, Clerk,
Ware Superior Court,

    Defendant.

CIVIL ACTION NO.: CV506-030

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Smith State Prison in Glennville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that he has requested a copy of all the documentation that has been filed in his criminal case. Plaintiff alleges that with each motion he has filed he has provided a self addressed stamped envelope so that copies of the motions can be sent back to the Plaintiff.

It appears Plaintiff is asserting that he has been deprived access to the court. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002)). For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to

2

AO 72A
(Rev. 8/82)

pursue a nonfrivolous claim. <u>Christopher</u>, 536 U.S. at 415, 122 S. Ct. at 2186-87; <u>Jackson v. State Bd. of Pardons & Paroles</u>, 331 F.3d 790, 797 (11th Cir. 2003). Plaintiff fails to show how the actions of Defendant Fiveash, the Clerk of Court, have hindered his ability to pursue the action in which he claims to be involved. Plaintiff has failed to show any injury that has resulted from not receiving copies of the requested documents; therefore, his claim fails.

Based on the foregoing, it is my recommendation that the Plaintiff's complaint be **DISMISSED**.

So **REPORTED** and **RECOMMENDED**, this ____4th____ day of August, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE